IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NOV  3 2023

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)　　Civil Action No. 1:23cv0773 (MSN/JFA)
　　　　　　　　　　　　　　　　　　　)
QUINN E. FLEMING,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　　)
_____)

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff United States of America's ("plaintiff")

motion for default judgment against defendant Quinn E. Fleming ("Fleming" or "defendant").

(Docket no. 9).  Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing

with the court his proposed findings of fact and recommendations, a copy of which will be

provided to all interested parties.

### Procedural Background

On June 14, 2023, plaintiff filed a complaint against defendant alleging breach of

contract.  (Docket no. 1) ("Compl.").  A summons was issued for service on defendant on June

15, 2023.  (Docket no. 3).  On September 1, 2023, plaintiff filed an affidavit of service on

defendant that indicated defendant was served by posting on the door of his residence the

summons and complaint on August 14, 2023, in compliance with VA. CODE ANN. § 8.01-

296(2)(b).[1]  (Docket no. 6).  Defendant's responsive pleading was due on September 5, 2023,

---

[1] Plaintiff's request for entry of default (Docket no. 7) states that service was made on
August 18, 2023, however this is inconsistent with the affidavit of service.  (Docket no. 6).

1

twenty-one (21) days after the service of process.[2]  Defendant has not filed a responsive pleading and the time for doing so has expired.

On September 12, 2023, plaintiff filed a request for entry of default as to defendant. (Docket no. 7).  The next day, on September 13, 2023, the Clerk of Court entered default as to defendant. (Docket no. 8).  On October 5, 2023, plaintiff filed a motion for default judgment with the required *Roseboro* notice, memorandum in support, a proposed order and judgment, and a notice of hearing for November 3, 2023.  (Docket nos. 9–12).  On November 3, 2023, this motion was called in open court and plaintiff's counsel appeared, but no one appeared on behalf of defendant.

### Factual Background

The following facts are established by the complaint.  (Docket no. 1).  Defendant entered into a Service Obligation Contract for the United States Merchant Marine Academy ("Contract").  (Compl. ¶ 8).  Defendant breached the Contract multiple times by failing to follow through with his service obligations.  *Id.*  Defendant subsequently failed to repay the costs of his education provided by the federal government at the United States Merchant Marine Academy.  *Id.*  Due to this breach, on October 26, 2021, the U.S. Department of Transportation, Maritime Administration ("MARAD") sent defendant a letter notifying him of his breach of the Contract and stated the risks of default if defendant did not take action to correct the breach.  (Compl. ¶ 9, ex. 2).  Defendant responded in an undated letter attempting to appeal the decision, explaining that he had unofficially retired from the Reserves program of the United States Navy.  (Compl. ¶

---

[2] When the last day of a time period stated in days ends on a legal holiday, Federal Rule of Civil Procedure 6(a)(1)(C) provides that "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Twenty-one days from August 14, 2023, was Monday, September 4, 2023, Labor Day, making defendant's response due on or before September 5, 2023.

10, ex. 3). On February 6, 2023, MARAD sent defendant a letter upholding its decision and denying defendant's appeal. (Compl. ¶ 11, ex. 4). On February 17, 2023, defendant called MARAD and informed it he would not pay any debt owed. (Compl. ¶ 12). On April 10, 2023, the Department of Justice sent defendant a demand for payment letter to which he did not respond. (Compl. ¶ 13–14). Defendant has failed to pay any of his debt and currently owes plaintiff $265,735.57. (Compl. ¶ 7).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to defendant. (Docket no. 8).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 613 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this matter is properly before the

3

court pursuant to 28 U.S.C. §§ 1331, 1345, and 46 U.S.C. § 51306(d)(1).  (Compl. ¶¶ 1–2; Docket no. 11 at 2).

Unless otherwise provided by an act of Congress, the "district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." *See* 28 U.S.C. § 1345.  Additionally, 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Furthermore, 46 U.S.C. § 51306(d)(1) applies to cadet commitment agreements and provides that the Secretary of Transportation may make use of "the Federal debt collection procedures in chapter 176 of title 28 or other applicable administrative remedies" to recover the cost of an education provided by the government.

In this case, subject matter over the breach of Contract pursuant to 28 U.S.C. § 1345 is appropriate because the action is brought by the United States as plaintiff.  Further, it is properly brought pursuant to 28 U.S.C. § 1331 as the case arises under federal law through 46 U.S.C. § 51306, because this claim is brought on behalf of the U.S. Department of Transportation, MARAD, for the collection on defendant's debt for the costs of the education provided by the federal government.  (Compl. at 1, ex. 2).

The court also has personal jurisdiction over defendant.  The defendant is a natural person who resides in Loudoun County, Virginia within the Eastern District of Virginia.  (Compl. ¶ 6).  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) because the Eastern District of Virginia is the judicial district in which defendant resides.  (Compl. ¶ 3, 6).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

4

**Service**

Pursuant to Federal Rule of Civil Procedure 4(e)(1), service may be made in accordance with the law of the state where the district court is located or where the service is made. Under VA. CODE ANN. § 8.01-296(2)(b) (2022), service of process may be effected by "a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of court a certificate of such mailing."

Mark Simons, a private process server, attempted to serve defendant on multiple occasions. (Docket no 6, at 2). Upon trying to serve defendant at the provided address, Mr. Simons was notified that plaintiff no longer lived there. *Id.* On August 4, 2023, Mr. Simons noted another possible address for defendant and further research uncovered defendant's parents owned that house. *Id.* On August 14, 2023, Maurice Moore, a private process server, posted a copy of the summons, letter from Matthew J. Troy, complaint, exhibits 1–5, order directing sealing of the record, and a memorandum of law in support of the motion to seal with exhibits on the door of defendant's residence in Chase City, Virginia. (Docket no. 6, at 1). On September 1, 2023, plaintiff filed an affidavit of service for summons and complaint served on defendant.[3] (Docket no. 6). On October 17, 2023, plaintiff filed a declaration certifying compliance with VA. CODE ANN. § 8.01-296(2)(b).[4] (Docket no. 13).

---

[3] Although plaintiff did not return the summons, the affidavit filed with the court includes all relevant information that a return of summons would include.

[4] On October 17, 2023, the court inquired with plaintiff as to whether he had complied with the procedural requirements of VA. CODE ANN. § 8.01-296(2)(b) and mailed a copy of the summons and complaint to defendant. After this discussion, plaintiff certified that in compliance with the statute he mailed to defendant a copy of the summons and complaint with exhibits to plaintiff on October 17, 2023. (Docket no. 13).

Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action and defendant has notice of this action.

### Grounds for Default Judgment

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading by September 5, 2023, twenty-one (21) days after service of the summons and complaint.  No responsive pleading has been filed by defendant and the time for doing so has expired.  On September 12, 2023, plaintiff filed a request for entry of default against defendant pursuant to Federal Rule of Civil Procedure 55(a).  (Docket no. 7).  The Clerk of Court entered a default against defendant on September 13, 2021.  (Docket no. 8).

For the reasons stated above, the undersigned magistrate judge recommends a finding that the Clerk of Court properly entered a default as to defendant.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Given that a default has been entered, the factual allegations in the complaint are deemed admitted.  *See* Fed. R. Civ. P. 8(b)(6); *GlobalSantaFe Corp.,* 250 F. Supp. 2d at 613.

### Breach of Contract (Count I)

Plaintiff alleges in the complaint that defendant is indebted to the United States for multiple breaches of service obligations required under the Contract and defendant's failure to repay the costs of the education provided by the federal government.  (Compl. ¶¶ 7–8).  Defendant signed the Contract which required him to: (1) complete the course of instruction at the Academy; (2) fulfill the requirements for a license as an officer in the merchant marine of the United States on or before his graduation date; (3) maintain a valid license as a merchant marine

6

of the United States for at least six years following his graduation date; (4) participate as a commissioned officer in the United States Naval Reserve for at least six years following his graduation date; (5) serve the foreign and domestic commerce and the United States for at least five years following his graduation date; and (6) submit an annual service obligation report until all components of his service obligation were fulfilled. (Compl. ¶¶ 8–9, ex. 1; Docket no. 11, ex. 1); *see also* 46 U.S.C. § 51306(a); 46 C.F.R § 310.58. The Contract further allowed for MARAD to seek to recover the cost of education provided by the federal government if defendant failed to meet the requirements of the Contract. (Docket no. 11, ex. 1); *see also* 46 U.S.C. § 51306(c)(2), (d)(2).

To establish a breach of contract claim under federal law, the elements are "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach." *Pryor v. United States,* 85 Fed. Cl. 97, 104 (Fed. Cl. 2008) (quoting *San Carlos Irrigation and Drainage Dist. v. United States,* 877 F.2d 957, 959 (Fed. Cir. 1989). On or about September 10, 2012, defendant agreed to and signed the Contract for the United States Merchant Marine Academy. (Docket no. 11, ex. 1). Therefore, defendant had an obligation arising out of a valid contract to perform the service obligations or, in the alternative, pay his cost of education. (Compl. ¶¶ 8–9, Docket no. 11, ex. 1). Defendant breached this Contract when he failed to perform relevant service obligations and did not pay the cost of his education. (Compl. ¶¶ 8, 10, 12; Docket no. 11 at 1). Plaintiff was clearly damaged by defendant's breach as it received no service from defendant and, after plaintiff failed to perform his service obligations, it did not receive the payment of the cost of his education.

Accordingly, the undersigned recommends a finding that plaintiff has established that defendant breached the Contract between the parties.

## Relief

Plaintiff's complaint seeks (1) monetary damages in the amount of $262,010.00; (2) interest; (3) costs; and (4) attorneys' fees. (Compl. at 3).

### Monetary Damages

Under the Contract, defendant was obligated to perform certain service obligation commitments. (Docket no. 9, ex. 1; Compl. ¶ 8). Defendant did not performed these service obligation commitments. (Compl. ¶¶ 8, 10). The Contract provides that as a result of a failure to perform these services, MARAD may seek to recover the cost of education provided by the federal government. (Docket no. 9, ex. 1). Defendant agreed to these terms by signing the Contract in 2012. *Id.* Under the Contract, if defendant failed to perform the services listed, and failed to correct them, plaintiff could recover the full cost of education provided to him by the federal government. (Docket. 9, ex. 1). Defendant did not perform the service obligations and informed MARAD he would not pay the cost of education provided to him by the federal government. (Compl. ¶ 12). The principal amount of the cost of education provided to defendant is $262,010.00. (Compl. ¶ 7, Docket no. 15). Defendant was notified of his breach on October 26, 2021 and has not paid the amount due. (Compl. ¶ 10, ex. 2, ¶ 15). Accordingly, the undersigned recommends a finding that plaintiff is entitled to $262,010.00 in monetary damages for the failure to repay the cost of his education.

### Interest

In its complaint, plaintiff seeks interest of $3,725.57 accrued through March 29, 2023, and interest accruing at one percent (1%) annually until the debt is paid. (Compl. ¶ 7). Under 31 U.S.C. § 3717(a), an agency must charge a minimum annual interest rate on an outstanding debt on a United States Government claim owed by a person that is based on a rate published by the

8

Secretary of Treasury each year.  Interest begins to accrue from the date on which notice is mailed.  *Id.* § 3717(b)(1).  Following a judgment, the interest is then calculated pursuant to 28 U.S.C. § 1961(a), which establishes a uniform federal rate for post-judgment "on any money judgment in a civil case recovered in district court."

Notice of the amount owed was issued to defendant on October 26, 2021.  (Compl. ¶ 9, ex. 2).  On that same day, the interest began to accrue.  By March 29, 2023, upon the filing of the complaint interest had accrued for a little over seventeen (17) months.[5]  As such, the undersigned recommends a finding that plaintiff is entitled to interest accrued through March 29, 2023, in the amount of $3,725.57 and recommends a finding that an award of interest subsequent to the date of judgment should be paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961.

**Attorney's Fees and Costs**

Attorney's fees generally are not a recoverable cost of litigation absent explicit authorization.  *Key Tronic Corp. v. U.S.,* 511 U.S. 809, 814 (1994).  Therefore, recognition of attorney's fees requires a determination that Congress intended to set aside this long-standing American rule of law.  *Id.*  In analyzing 46 C.F.R. § 51306 there is no express reference nor apparent intent to allow for recovery of attorney's fees.[6]  Further, plaintiff provides no information regarding its attorney's fees, nor any explanation as to why it would be entitled to attorney's fees in this action.  Accordingly, the undersigned recommends a finding that no attorney's fees be awarded.

---

[5] A one percent interest on the principal amount of $262,010.00 per year would result in $2,620.10 per annum.  For five (5) months, a rough estimate would place the amount of interest at $1,091.71.  Together the total would come to $3,711.81 of interest owed.  Here, the numbers provided in the complaint appear to be proper as interest had accrued for seventeen months (17) and four (4) days, which would seemingly explain the additional $13.76 in interest owed.

[6] Likewise, there is no reference to recovery of attorney's fees in the referenced federal debt collection procedures under chapter 176 of title 28.

Plaintiff seeks costs in its complaint. (Compl. at 3). Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party is entitled to an award of costs incurred unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Here, no such impediment exists. Plaintiff may submit a bill of costs pursuant to 28 U.S.C. § 1920 once a judgment has been entered.

### Conclusion

For these reasons, the undersigned recommends that default judgment be entered in favor of plaintiff United States of America defendant Fleming in the total amount of $265,735.57 (principal amount of $262,010.00 + $3,725.57 interest accrued through March 29, 2023) with interest from the date of judgment until paid.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Quinn E. Fleming, 43351 Butterfield Court, Ashburn, VA 20147 and 1895 Cemetery Road, Chase City, VA 23924, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 3rd day of November, 2023.

/s/

John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

10